1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALBIZO & MARY ALBIZO,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA MORTGAGE; WELLS FARGO BANK, N.A.; NDEX WEST LLC; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 11-CV-02991-AC<br><br>**ORDER GRANTING JOINT REQUEST TO CONTINUE DISCOVERY DEADLINES AND HEARING DATES** |

The parties filed a joint motion to continue discovery deadlines and hearing dates in this action by fourteen days.

Good cause shown, the Court GRANTS the joint motion to continue deadlines and hearing dates and ORDERS:

<u>DISCOVERY</u>

All discovery shall be *completed* by **March 29, 2913**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than **March 13, 2013.**

EXPERT DISCLOSURE

The parties are to designate in writing, and serve upon all other parties, the names of all experts they propose to tender at trial in accordance with the following schedule: initial expert disclosures on or before **January 18, 2013;** rebuttal expert disclosures on or before **February 18, 2013.**

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26"experts. both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.[1] The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rules of

---

[1] The court is not interested in a designation of non-testifying Rule 26 experts – i.e, not testifying consultants.

1   Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26

2   expert. This information is due at the time of designation. Failure to supply the required

3   information may result in the Rule 26 expert being stricken. All Rule 26 experts are to be fully

4   prepared to render an informed opinion at the time of *designation* so that they may fully

5   participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted

6   to testify at trial as to any information gathered or evaluated, or opinion formed, which should

7   have been reasonably available at the time of designation. The court will closely scrutinize for

8   discovery abuse depositions opinions which differ markedly in nature and/or in bases from those

9   expressed in the mandatory information disclosure.

10  MOTION HEARING SCHEDULES

11         All law and motion, except as to discovery, shall be *completed* by **April 18, 2013.** The

12  word "completed' in this context means that all law and motion matters must be heard by the

13  above date. Counsel (and/or pro se parties) are cautioned to refer to the Local Rules regarding

14  the requirements for noticing such motions on the court's regularly scheduled law and motion

15  calendar. Available hearing dates may be obtained by calling Valerie Callen, the Courtroom

16  Deputy, at (916) 930-4199.

17         Local Rule 230 governs the calendaring and procedures of civil motions with the

18  following additions:

19         (a)    The opposition and reply must be filed by 4:30 p.m. on the day due; and

20         (b)    When the last day for filing an opposition brief falls on a legal holiday, the

21  opposition brief shall be filed on the last court day immediately preceding the legal holiday.

22  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

23  the motion and the court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651,

24  652-53 (9th Cir. 1994).

25         *All purely legal issues are to be resolved by timely pretrial motion.* The parties should

26  keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by

27  the case, and to dispose of by pretrial motion those issues that are susceptible to resolution

28  without trial. To accomplish that purpose, the parties need to identify and fully research the

1  issues presented by the case, and then examine those issues in light of the evidence gleaned
2  through discovery.  If it appears to counsel after examining the legal issues and facts that an issue
3  can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and
4  motion cutoff set forth above.  The parties are cautioned that failure to raise a dispositive legal
5  issue that could have been tendered to the court by proper pretrial motion prior to the dispositive
6  motion cut-off date may constitute waiver of such issue.
7      Counsel are reminded that motions in limine are procedural devices designed to address
8  the admissibility of evidence.  Counsel are cautioned that the court will look with disfavor upon
9  substantive motions presented in the guise of motions in limine at the time of trial.
10 FINAL PRETRIAL CONFERENCE
11     The final pretrial conference is set before the undersigned on **June 12, 2013 at 10:00**
12 **a.m.** in Courtroom No. 26.  Counsel are cautioned that counsel appearing for pretrial will in fact
13 try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the pretrial
14 conference, with no matters remaining to be accomplished except production of witnesses for
15 oral testimony.  Counsel are referred to Local Rules 281 and 282 relating to pretrial statements
16 and conferences.  A failure to comply with Local Rules 281 and 282 will be grounds for
17 sanctions.
18     Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement* not
19 later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall
20 conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual
21 issues shall be set forth in two separate sections.  The parties should identify those facts which
22 are relevant to each separate cause of action.  In this regard, the parties are to number each
23 individual fact or factual issues.  Where the parties are unable to agree as to what factual issues
24 are properly before the court for trial, they should nevertheless list in the section on "DISPUTED
25 FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the
26 controversy concerning each issue.  The parties should keep in mind that, in general, each fact
27 should relate or correspond to an element of the relevant cause of action.  The parties should also
28 keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all

1  parties about the precise *issues* that will be litigated at trial. *The court is not interested in a listing
2  of all evidentiary facts underlying the issues that are in dispute.*[2]  The joint statement of
3  undisputed facts and disputed factual issues is to be filed with the court concurrently with the
4  filing of the joint pretrial statement.
5       Pursuant to Local Rule 281(b)(10) an d(11), the parties are required to provide in their
6  pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter
7  for what purpose.  These lists shall <u>not</u> be contained in the pretrial statement itself, but shall be
8  attached as separate documents to be used as addenda to the final pretrial order.  Plaintiffs'
9  exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The
10 pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial
11 not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied.
12 On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be
13 viewed as an abuse of the court's processes.
14      Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their
15 duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and
16 the elimination of meritless claims or defenses; (b) settling of facts which should be properly
17 admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must
18 prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with
19 these aims in mind.  A failure to do so may result in the imposition of sanctions, which may
20 include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such
21 other sanctions as the court deems appropriate.
22 TRIAL SETTING
23      A jury trial is set to commence before the undersigned on **July 22, 2013 at 9:00 a.m.** in
24 Courtroom No. 26. The parties anticipate that the trial will take approximately five to eight days.
25 SETTLEMENT CONFERENCE
26      A settlement conference will be set at the request of the parties at the time of the Pretrial

---

[2]  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

1 Conference. If the parties conclude that an earlier settlement conference would likely resolve the
2 case, they shall file with the court a written stipulation to participate in a proposed settlement
3 conference.
4 SUMMARY OF THE ORDER
5     THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:
6     1. All discovery shall be completed by **March 29, 2013.** Motions to compel must
7        be heard no later than **March 13, 2013.**
8     2. Initial expert disclosures shall be made on or before **January 18, 2013;** rebuttal
9        expert disclosures shall be made on or before **February 18, 2013.**
10     3. All pretrial motions, except motions to compel discovery, shall be completed as
11        described herein on or before **April 18, 2013**.
12     4. The final pretrial conference is set before the undersigned on **June 12, 2013 at**
13        **10:00 am.** in Courtroom No. 26. Pretrial statements shall be filed in accordance
14        with Local Rules 281 and 282, and the requirements set forth herein.
15     5. A jury trial is set to commence before the undersigned on **July 22, 2013 at 9:00**
16        **a.m.** in Courtroom No. 26.
17     6. Failure to comply with the terms of this order may result in the imposition of
18        monetary and all other sanctions within the power of the court, including
19        dismissal or an order of judgment.
20     IT IS SO ORDERED.
21 DATED: January 11, 2013

22                           /s/ Allison Claire
23                           ALLISON CLAIRE
                            UNITED STATES MAGISTRATE JUDGE
24
25 /mb;albi2991.dso.mod
26
27
28

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**[PROPOSED] ORDER GRANTING JOINT REQUEST TO CONTINUE DISCOVERY DEADLINES AND HEARING DATES**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

*Attorneys for Plaintiff*

Breyon J. Davis, Esq.
Law Offices of Breyon J. Davis
965 University Avenue, Suite 150
Sacramento, CA  95825

Tel:  916.993.4120
Fax:  916.993.4122
breyon@breyondavislaw.com

_____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on January 8, 2013.

| Nancy J. Peters | */s/  Nancy J. Peters* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

93000/HR0022/00556706-1

CASE NO. 11-CV-02991-AC
CERTIFICATE OF SERVICE