IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR ALBIZO, *et al.*,

      Plaintiffs,                      No. 2:11-cv-2991 AC C

      vs.

WACHOVIA MORTGAGE, *et al.*,

      Defendants.                 <u>ORDER</u>

_____/

        On May 8, 2013, the court held a status conference in this case. Melissa Coyle appeared for defendants. There were no appearances for plaintiffs Mary and Hector Albizo. Although the court was prepared to issue a scheduling order following this status conference, it has become apparent that the plaintiffs have stopped prosecuting this action. Plaintiffs' non-appearance at the May 8, 2013 hearing is not their first. They were previously directed to appear at the March 27, 2013 hearing on their former counsel's motion to withdraw. Despite notice to do so, <u>see</u> Supp. Davis. Decl. ¶¶ 3-5 (ECF No. 67), plaintiffs did not appear or otherwise respond to the court's directive. Furthermore, plaintiffs failed to comply with the court's March 28, 2013 order to submit a status report prior to the status conference and failed to respond to defense counsel's attempts to file a joint status report. <u>See</u> Coyle Decl. (ECF No. 70.)

1    Courts do not take failures to prosecute lightly.  Federal Rule of Civil Procedure
2  41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal]
3  rules or a court order."  Fed. R. Civ. P. 41(b).  To determine whether dismissal is appropriate, the
4  court must consider five factors: "(1) the public's interest in expeditious resolution of litigation;
5  (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the
6  availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on
7  their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).
8    Here, dismissal is appropriate given plaintiffs' failure to prosecute.  After
9  considering the five dismissal factors set forth in Pagtalunan, the court finds that they weigh in
10 favor of dismissal.
11   The public's interest in expeditious resolution of this litigation strongly favors
12 dismissal. Pagtalunan, 291 F.3d at 642 (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990
13 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors
14 dismissal.") (quotations omitted).  Upon granting plaintiffs' counsel's motion to withdraw, the
15 court vacated the previous dates set in this case and scheduled a status conference to discuss
16 future scheduling.  Plaintiffs have failed to participate at all in that process, thus frustrating the
17 public's interest in expeditious resolution of litigation.
18   For the same reasons discussed above, the second factor weighs heavily in favor
19 of dismissal.  Plaintiffs' failure to prosecute has interfered with the court's ability to manage its
20 docket.  The court, not plaintiffs, should control the pace of the docket.  Yourish, 191 F.3d at
21 990; Pagtalunan, 291 F.3d at 642.  Plaintiffs' failure to participate in this case suggests that they
22 have abandoned this action and that further time spent by the court thereon will consume scarce
23 judicial resources in addressing litigation which plaintiffs demonstrate no intention to pursue.
24   The fourth factor also favors dismissal.  Despite ample notice, the plaintiffs have
25 been unwilling to appear at court hearings or to respond to court orders, and the undersigned
26 finds that any future attempts to invite plaintiffs' participation in their own case would be futile.

1  The court thus finds no suitable alternative to dismissal of this action.

2  Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned.  The fifth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first, second, and fourth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See id. at 1263.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

DATED: May 10, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;albi2991.46dm